that will be shown by the account, but only by what the account will disclose to affect the magnitude of the sum in which the defendant shall be held liable. The account is not directly involved in the suit. It is incidental or collateral. It is not the account of both parties, or of either party. It is the account of inventory of a third or unconcerned party, referred to and inquired into or to make proof upon the issues in this suit."

It is not asserted by defendant that the accounts to be examined will disclose a liability on the part of plaintiff to it. On the contrary, it clearly appears that its own liability to plaintiff is made to depend upon whether or not the policy covers the claims of the 18 insolvent debtors in whole or in part; and to determine that question, even if an examination of the separate items is required, as to which there is grave doubt, no reference can be ordered against appellant's objection. It is evident that such accounts are but the means of measuring the plaintiff's damages, and that they are only incidentally involved in the action. See, also, Freeman v. Atlantic, etc., Ins. Co., 13 Abb. Prac. 124; Brink v. Republic Fire Ins. Co., 2 Thomp. & C. 550; Keller v. Payne, 51 Hun, 316, 4 N. Y. Supp. 227; Untermeyer v. Beihauer, 105 N. Y. 521–524, 11 N. E. 847.

It is difficult to distinguish the cited cases from this case. In Keller v. Payne, supra, a like question was presented, and the court said:

"Here it is apparent that the accounts by which the plaintiff seeks to show that the defendants were insolvent are for the most part, if not wholly, between the defendants and third parties, and that such accounts have only a collateral bearing upon the issues in this case."

No greater difficulty can be presented upon the trial of this action than is daily encountered in trials to recover loss on fire insurance policies, or in suits where commissions or royalties are sought to be recovered, in all which it is usually necessary to examine a very large number of items—in the one case the loss covered by the policy, and in the others the aggregate amount of commissions or royalties due. Smith v. London Assurance Corporation, 114 App. Div. 868, 100 N. Y. Supp. 194; Bentz v. Carleton & Hovey Co., 114 App. Div. 865, 100 N. Y. Supp. 206; C. & C. Electric Co. v. Walker, 35 App. Div. 426, 54 N. Y. Supp. 810. The possibility of involving the jury in error in determining the damages to which plaintiff may be entitled is quite remote.

The order should be reversed, with costs. All concur.

---

(54 Misc. 642)

### JOHNSTON v. NEW YORK CITY RY. CO.

(Supreme Court, Appellate Term. June 6, 1907.)

1. CARRIERS—STREET RAILWAYS—REFUSAL TO GIVE TRANSFER.
    A street railway is not liable for refusal to give a transfer to one who becomes a passenger solely to lay a foundation to sue for such refusal.

2. EVIDENCE—WITNESSES—CREDIBILITY.
    Where the facts and circumstances disclosed by the evidence are so much at variance with plaintiff's direct testimony as to cast doubt upon its truthfulness, his declarations are not to be given the greater credit.
    [Ed. Note.—For cases in point, see Cent. Dig. vol. 20, Evidence, § 2439.]

Appeal from Municipal Court, Borough of the Bronx, Second District.

Action by William J. Johnston against the New York City Railway Company. Judgment for plaintiff, and defendant appeals. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and FITZGERALD and GOFF, JJ.

James L. Quackenbush (H. J. Smith, of counsel), for appellant.
E. V. R. Ketchum, for respondent.

GILDERSLEEVE, P. J. This is an action to recover a penalty for a refusal by the defendant to give a transfer. The plaintiff in this case boarded a car at Wall and South streets, going north, paid his fare, and asked for a transfer for a Chambers Street and Broadway car, which was given him. He then boarded a Chambers Street car going West, and told the conductor he desired to use the transfer for riding on a Broadway car going north. This right was refused him, and he was also refused another transfer for the Broadway line, and on boarding a Broadway car was compelled to pay a second fare. Since the trial of this case the Appellate Division, First Department, in the case of Nicholson v. N. Y. City Ry. Co., 103 N. Y. Supp. 695, has held that, to entitle the plaintiff to recover in actions of this character, it must be proven that the passenger became such in good faith, and for the purpose of going to some point on the line to which he wished to be transferred. Prior to this decision the motive that prompted the passenger in making the trip had not been considered in determining whether or not such passenger could recover a penalty for being refused a transfer, and it is a reasonable presumption that in all the cases of this character, where the plaintiff recovered a judgment for a penalty, and where evidence was received tending to show that the passenger was riding for the purpose of being refused a transfer and then bringing an action, such evidence was not considered. It is true that the court, in the Nicholson Case, states that the evidence in that case was uncontradicted that the "sole" purpose of the plaintiff in asking for a transfer was to bring an action in case a transfer was refused, and that "the statute * * * by express provision precludes one from suing for a penalty who has no intent to go to a point on the connecting line, but who takes the car merely for the purpose of putting himself in a position to bring an action"; and respondent's attorney urges that, where the passenger testifies that he has an actual point of destination and business to transact at that point, he is not precluded from recovering a penalty because he also testifies that one of his objects in taking the trip was to sue for the penalty if refused a transfer. This would be true if the court believed such testimony.

In the case at bar, and in several others in which appeals are now pending in this court in actions of this character brought by the same plaintiff and others, the testimony shows many, and in some cases all, of the following facts, viz.: That the plaintiff has from five to fifty similar actions, so many, in fact, that he is unable to give

the exact number; that the trips to be made and the routes over which they are to be taken were planned in advance in the office of the plaintiff's attorney; that such trips were to be taken on certain designated days, and the plaintiff then returned to the office of the attorney, where complaints were signed and sworn to, said complaints having been fully prepared in advance, except the filling in of the date and the route taken; that a summons was then attached to the complaint, said summons in many instances having been obtained prior to the time the trip was taken, and the summons and complaint then delivered to the officer for service; that in some instances the plaintiff has walked several blocks away from the point where he could have taken a car which would have taken him to his destination without a transfer, in order to board a car upon which he knew or had reason to believe a transfer would be refused him. In many of the cases now pending upon appeal the plaintiff has testified to no business necessitating the making of the trip, and has admitted that one of his objects was to begin an action for the penalty, if refused a transfer. The testimony of a plaintiff is not always binding upon a court or jury. Where the facts and circumstances disclosed by the evidence are so much at variance with the direct testimony of a witness as to cast a doubt upon its truthfulness, the mere declaration of an interested party is not to be given the greater credit. Such facts and circumstances, if weighed and believed by the court, would justifiably result in a judgment for the defendant.

It may also be said in this connection that the exclusion of testimony tending to show that the plaintiff's object in becoming a passenger upon the defendant's line was to lay the foundation for an action for a penalty would be error, equal in effect to that of totally disregarding such evidence. The Court of Appeals said in Griffin v. Int. St. Ry. Co., 179 N. Y. 449, 72 N. E. 517:

"Actions of this kind have become highly speculative, and present a form of litigation that should not be encouraged."

In the case at bar, and in the other appeals involving questions of similar nature decided herewith, there is sufficient testimony, admitted or excluded, which if believed by the trial judge, would have warranted a finding in favor of the defendant under the doctrine in the Nicholson Case, supra. It is highly improbable that any weight was given to such admitted evidence. Under such circumstances the interests of justice require a new trial.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.