(55 Misc. Rep. 205)

JOHNSTON v. NEW YORK CITY RY. CO. (Supreme Court, Appellate Term. June 27, 1907.) Appeal from Municipal Court, Borough of the Bronx, Second District. Action by W. J. Johnston against the New York City Railway Company. From a judgment for plaintiff, defendant appeals. Reversed, and new trial ordered. James L. Quackenbush (Henry J. Smith, of counsel), for appellant. E. V. R. Ketchum, for respondent.

PER CURIAM. Judgment reversed and new trial ordered, with costs to appellant to abide the event, on the authority of Nicholson v. N. Y. City Ry. Co. (Sup.) 103 N. Y. Supp. 695, and Johnston v. Same (App. Term; not yet officially reported) 104 N. Y. Supp. 812.

SEABURY, J. (dissenting.) This is an action to recover a penalty of $50, together with an excess fare of 5 cents, under section 105 of the railroad law (Laws 1890, p. 1114, c. 565), because of the refusal of the defendant to give a transfer, under sections 101 and 39

of the railroad law. The fact that the defendant refused the plaintiff a transfer on November 16, 1905, was conclusively proven upon the trial, and that the defendant committed this wrongful act was not even denied by any witness called on its behalf. The plaintiff was fully cross-examined, and admitted that he had brought other actions of this nature against this defendant. He testified, however, that his business required him to ride frequently upon the cars operated by the defendant, and that he consulted counsel in reference to protecting himself from the impositions to which he was subjected by the frequent refusals of the defendant to comply with the law and furnish him transfers, and that on the day above mentioned he rode on one of the cars operated by the defendant, in the pursuit of his business. The plaintiff's contention was substantially to the effect that he rode on the cars only in pursuit of his business, and not for the purpose of being refused a transfer, so as to be able to bring an action, but with the determination that, if he was unlawfully refused a transfer, he would avail himself of the right conferred by statute, and institute an action for the recovery of the penalty, which the statute imposes for the commission of this unlawful act. The learned trial justice rendered judgment for the plaintiff, and found as a fact that he was a passenger in good faith. Under these circumstances I can see no reason for the reversal of this judgment. To reverse this judgment would be to deny to this plaintiff a right clearly conferred upon him by statute, and encourage a practice which would result in permitting this defendant to unlawfully extort, from those compelled to ride upon the street surface cars, additional fares. This position cannot be taken without a clear disregard of the provisions of the statute. The case of Johnston v. N. Y. City Ry. Co. (not yet officially reported) 104 N. Y. Supp. 812, is distinguishable from the case now before us. In that case Mr. Justice Gildersleeve, writing for the court, said: "Respondent's attorney urges that, when the passenger testified that he has an actual point of destination and business to transact at that point, he is not precluded from recovering a penalty because he also testified that one of his objects in taking the trip was to sue for the penalty, if refused a transfer. This would be true if the court believed such testimony." In the present case the court did believe such testimony, and the evidence justifies that conclusion. The appellant claims that its contention is supported by the decision of the Appellate Division in the case of Nicholson v. N. Y. City Ry. Co. (Sup.) 103 N. Y. Supp. 695. The Nicholson Case held that, when one rode upon the cars solely for the purpose of being refused a transfer, such a person was not a passenger in good faith, and consequently could not sue to recover the penalty imposed upon the defendant for its unlawful act. But it cannot follow from this decision that if one does not ride upon the cars solely for this purpose, but primarily in the pursuit of his business or other lawful purpose, that his determination to sue for the penalty imposed by statute, if his rights are disregarded, deprives him of his character as a passenger in good

faith. Nor does the fact that this plaintiff has brought other actions of a like nature against this defendant, in and of itself, show his bad faith. It is undoubtedly a circumstance to be taken into account in determining as to the good faith of the passenger. But this fact in itself or when satisfactorily explained, as it was in this case, does not establish the bad faith of the passenger. To hold to the contrary would be to make it impossible for a passenger under any circumstances to recover in more than one action. Providing that he is a bona fide passenger, he is a person aggrieved, within the meaning of the statute, whenever a transfer is unlawfully refused and an additional fare is extorted from him. Nor is there any merit in the contention that it is hardship to this defendant to be required to pay many penalties. The remedy is as obvious as it is simple. If the defendant would avoid violating the statute, it would not be required to pay the penalty which the statute imposes upon those violating its provisions. If it disregards the law of the state, and commits an unlawful act of this character against one who is a bona fide passenger, it ought clearly to be compelled to pay the penalty. In the case now before us for consideration the commission of the unlawful act by it is undenied, and the trial justice was satisfied from the evidence that the plaintiff was a passenger in good faith. Unless the statute is to be stripped of its meaning, its plain provisions to be disregarded, and its prohibitions to become an empty sound, this judgment ought to be affirmed. The judgment should be affirmed, with costs.

