(55 Misc. Rep. 208)

McCARTHY v. NEW YORK CITY RY. CO. (Supreme Court, Appellate Term. June 27, 1907.) Appeal from Municipal Court, Borough of Manhattan, Third District. Action by Morris McCarthy against the New York City Railway Company. From a judgment for defendant, plaintiff appeals. Affirmed. Harcourt Bull, for appellant. James L. Quackenbush (Henry J. Smith, of counsel), for respondent.

PER CURIAM. Judgment affirmed, with costs, upon the authority of William J. Johnston v. N. Y. City Ry. Co. (App. Term), 104 N. Y. Supp. 812, and Nicholson v. Same (Sup.) 103 N. Y. Supp. 695.

SEABURY, J. (dissenting.) This action was brought to recover a penalty because of the refusal of the defendant company to give the plaintiff, who was a passenger upon one of its cars, a transfer as required by law. The fact that the defendant violated the law and refused the plaintiff a transfer was not denied by any witness called upon the trial. The defendant resisted the plaintiff's claim, upon the ground that the plaintiff was not a passenger in good faith, and, therefore, was not a party "aggrieved," within the definition of that term given by the Appellate Division in the case of Nicholson v. N. Y. City Ry. Co. (Sup.) 103 N. Y. Supp. 695. The plaintiff had brought several actions of a like nature against this defendant, and as to whether or not, upon all the testimony, he was a party "aggrieved," within the decision of the Nicholson Case, was a question of fact, to be determined by the justice who tried the case without a jury. The trial justice rendered judgment in favor of the defendant, and rendered the following opinion: "The plaintiff having recovered two penalties against the defendant for failure to give transfers over the same route taken by him, and therefore knowing that transfers would be refused to him, it is fair to presume that at the time the transfer was refused he was not a passenger in good faith seeking to be transferred to a connecting line of the defendant's road, and that his sole purpose in asking for a transfer was to bring an action to recover the penalty for the refusal, and that he was not thereby aggrieved." From this opinion it is apparent that the trial justice concluded that this plaintiff was not a passenger in good faith merely because he had recovered two judgments against the defendant for failure to give transfers over the same route. It seems to be wholly unreasonable to hold that an inference of bad faith arises from the fact that the plaintiff had been successful in two other actions. The plaintiff in this case may or may not have been a passenger in good faith, and this fact should have been determined from a consideration of all the circumstances disclosed by the evidence, and his bad faith should not have been regarded as a corollary of the fact that the plaintiff had recovered two other penalties against this defendant. If, because the plaintiff had recovered two penalties against this defendant "for failure to give transfers over the same route taken by him, and, therefore, knowing that transfers would be refused him, it is fair to presume that at the time the transfer was refused that he was not a passenger in good faith seeking to be transferred to a connecting line of the defendant's road," then it must follow that the recovery of two penalties is a bar to the prosecution of any other action for a penalty, no matter how many times his right as a passenger and the provisions of the statute may be disregarded by this defendant. Such a construction of the statute seems to me to be absurd. This plaintiff has a right to bring as many actions to recover penalties as there are occasions where he is refused a transfer in violation of the statute, provided, only, that he is a passenger in good faith when he is refused a transfer. The fact that he has recovered two penalties only proves that on two other occasions, when he was a passenger in good faith, the railroad company refused him a transfer in violation of law. To permit the defendant, under these circumstances, to prevent the plaintiff from recovering a third penalty for a third violation of the statute, on the ground that he has recovered in two other actions, is to permit it to take advantage of its own wrong, and succeed upon the plea that, because the plaintiff had proven his good faith twice, therefore he must necessarily be held to have acted in bad faith when he brings a third action. To so decide is equivalent to holding that, because a person has in two actions proven his good faith, in all subsequent actions he is to be presumed to have acted in bad faith. I cannot understand any process of reasoning by which such a conclusion can be reached. In considering this case we should not lose sight of the fact that the defendant is before the bar of this court, convicted, by the undisputed testimony disclosed by this record, of being a lawbreaker, and endeavoring to avoid the payment of the penalty imposed by statute by attacking the good

faith of the plaintiff. No evidence was offered to show that the defendant did not violate the law, and the only question is whether the plaintiff, under the construction placed upon the statute by the Nicholson Case, was a passenger in good faith. If he was not, he cannot now, under that decision, avail himself of the right which the statute otherwise confers upon him. I do not assert that upon the evidence presented in this case the plaintiff was or was not a passenger in good faith. That is a matter that should be determined by the trial justice upon a consideration of all the evidence adduced. I do assert, however, that because a plaintiff has recovered penalties in two actions, and his good faith in both of those actions having been established, no inference adverse to him should be drawn, from this fact alone, in any other action that he may bring. The judgment appealed from should be reversed, and a new trial ordered, with costs to the appellant to abide the event.